The declaration states that on the _____ day of _________, in the year of our Lord, 1780, Robert Hogg died, having made and duly published his last will and testament in writing, and thereof appointed James Hogg, William Hooper, and James Burgess executors; that on the 21st day of December, in the same year, by indenture bipartite, bearing date the same day and year, between James Hogg of the one part and Samuel Campbell by the name and description of Samuel Campbell of New Hanover, of the other part; the said Samuel Campbell, by (234) and with the consent of William Hooper and James Burgess, for and in consideration of four negro slaves, that same day sold and delivered to him by James Hogg, and in consideration of divers other matters and things thereafter to be performed by the said James Hogg, for the use and benefit of the said Samuel Campbell, did transfer and set over all his, the said Samuel Campbell's right, title, and interest; that is to say, one moiety of all debts or sums of money remaining due and owing to the copartnership of Hogg and Campbell, or the survivor *Page 202 
thereof, or to the representatives of the deceased partner, for or by reason of the said copartnership, from whomsoever the same was due, upon account, bill, bond, note, agreement, or other writing, and all the claim and interest of him the said Samuel Campbell to the said debts: To have, hold, receive, and take the said debts and every of them to the said James Hogg, his heirs, executors, etc., without account to the said Samuel Campbell. And he, the said James Hogg, by the said indenture, did covenant with the said Samuel Campbell that he would take upon himself the payment of all debts due by the copartnership to divers persons, and would at all times thereafter indemnify the said Samuel Campbell, his heirs, etc., from all actions, suits, etc., that might or should be brought against him, by reason thereof; and that he, the said James Hogg, would discharge and keep harmless the said Samuel Campbell, his executors, etc., of and from all the debts which at the time of the death of Robert Hogg were due from the copartnership, and which at the making of the said indenture, were then due and owing on account of the trade and copartnership between the said Robert Hogg and Samuel Campbell.
After the execution of this indenture, Samuel Campbell attached himself to the British enemy, and left this country, and was thereby rendered incapable of carrying on suits at law. At an Assembly, held at Fayetteville, on the 18th November, 1786, an act was passed, entitled "An act to enable and executors of Robert Hogg, deceased, to maintain and defend suits, under the regulations therein mentioned"; (235) which, after reciting that it had been represented and proved to the General Assembly that the said Samuel Campbell, while he was a citizen of this State, and before he withdrew from his allegiance to it, did assign and set over, for a good and valuable consideration, all his right, title, and interest in and to all the debts due to all the said copartnership, to James Hogg, one of the executors and devisees of the said Robert; and that the said Samuel, by withdrawing himself, was disabled by himself or by others, to bring suits in his own name, and that by the death of Robert Hogg the only mode of maintaining suits for the recovery of debts due to the said copartnership, agreeably to the laws then in force, must be in the name of the said Samuel Campbell, surviving copartner of Hogg and Campbell; and that thereby the executors of the said late Robert Hogg were utterly prevented from recovering the just debts due to the copartnership so assigned, and were disabled to carry the will of the said Robert into execution, and to pay his just creditors. It is therefore enacted that the said James Hogg, William Hooper, and James Burgess be and they were thereby authorized and empowered to maintain suits as well in law as in equity in *Page 203 
the names of them, the said William Hooper, James Hogg, and James Burgess, styling themselves executors of the said Robert Hogg, and in the names of the survivor or survivors of them, to sue for and recover all moneys due to the copartnership, in their names as executors, and to have recoveries as fully and as amply in the same manner as Samuel Campbell himself could, if he had remained a true and faithful citizen of this State, and had never assigned his interest in the copartnership to the said James Hogg.
After the passing of the act of Assembly, William Hooper and James Burgess died; and on the 20th day of April, 1796, James Hogg, as the surviving executor of Robert Hogg, deceased, brought this suit, to which the defendant pleaded "General issue, set-off, and notice of set-off, payment at and after," etc.
In the year 1789 the defendant recovered against Campbell the sum of £ 500 for negroes of the defendant, said to have been carried away by Campbell when he attached himself to the enemy. At (236) the trial of the cause, the plaintiff produced the bond declared on, as also the deed of assignment, and the act of Assembly, mentioned in the declaration, and on this rested his case. The defendant offered the judgment recovered by him against Campbell as a set-off, which was objected to by the counsel for the plaintiff; the objection was sustained by the Court (HAYWOOD and STONE, Judges, at April Term, 1797), and the plaintiff had a verdict for the value of the sterling money, mentioned in the bond, but the jury having given no interest, the plaintiff moved for and obtained a new trial, and the cause being tried at April Term, 1799, the jury found the bond declared on to be the act and deed of the defendant, that the sterling money therein mentioned to be of the value of £ 212 15 9, and assessed the plaintiff's damages to £ 119 3 9 and costs, subject to the opinion of the Court on the following questions, viz.:
1. Whether the bond declared on is within the description of these debts which James Hogg is entitled to sue for, under the Act of 1786?
2. Whether the bond declared on is within the description of these debts assigned by Samuel Campbell to James Hogg, by the deed of assignment recited in the declaration?
3. Whether the defendant is entitled to a deduction of the judgment aforesaid as a set-off against the amount of the sum found by the jury?
Upon which questions the cause now came on to be argued.
I admit that mutuality of debts is necessary, in order to a set-off; but the legal interest is only to be considered in a court of law. The assignment at best vests but an equitable interest in the assignee; and the interest in his hands is subject legally to all the encumbrances it was before had the assignment not been made. The share of the debts assigned is still legally considered due to the assignor. The assignment to third persons operates nothing, and so far as it regards the legal interest of the parties, leaves them precisely in the same situation they were in before it; and laying aside the act of Assembly, a judgment recovered against Campbell might be set off against a debt to be recovered by himself. That act, for the furtherance of justice, has vested the executors of the deceased partners with the right of suing; but the *Page 206 
debts recovered do, in contemplation of law, belong to Campbell. The executors by legislative creation are the representatives of the copartnership, and acting for it in the place of the surviving partner, and are subject to all such demands and actions as he is, and, of course, to an action for this debt, and consequently to the set-off. Viewing the case in this light, both the interest of Campbell, and Campbell himself by his representatives, the executors, are now before the Court. This ought to be considered as the action of Campbell to recover a debt which, both now and when recovered, the law deems payable to himself; consequently the debt sued for, and the debt offered as a set-off, are mutual debts within the meaning of the act of Assembly, and are clear of the objection endeavored to be raised for want of mutuality. The act of Assembly is in derogation of the common law, and ought to be construed strictly. 5 Bac. Abr., 650; 10 Mod., 282. By it the executors of Robert Hogg are empowered to sue, naming themselves his executors; (240) but they do not sue as executors, they are put in the place of the surviving partner — they represent him; they are enabled to recover, not for the purpose of paying over to the assignee or his representatives, but for the purpose of paying the partnership debts; they are, for anything expressed to the contrary in this act, to pay the balance to the person entitled by law to receive it, and that person is the surviving partner. They can only recover in cases where he might, were he not disabled; and they are subject in like manner as he would be were the suit brought in his own name.
The judgment pleaded as a set-off being founded on a cause of action which arose subsequent to the assignment by Samuel Campbell of his interest in the copartnership of Hogg and Campbell to James Hogg, cannot operate to discharge a debt due from the defendant to Hogg and Campbell, which debt appears to have been comprehended in the assignment. I am therefore of the opinion that judgment should be entered for the plaintiff.